**PEPI, INC.**

v.

**HELCAR CORPORATION, Appellant in No. 19565, and Carl J. Del Spina.**

**Appeal of Carl J. DEL SPINA, in No. 19566.**

**Nos. 19565, 19566.**

United States Court of Appeals, Third Circuit.

Argued Jan. 18, 1972.

Decided April 13, 1972.

Carl J. Del Spina, pro se.

Stephen M. Greenberg, Robinson, Wayne & Greenberg, Newark, N. J., for appellee.

Before ADAMS and JAMES ROSEN, Circuit Judges, and STAPLETON, District Judge.

OPINION OF THE COURT

PER CURIAM:

Philips Electronics and Pharmaceutical Industries Corp., now PEPI, Inc., ("PEPI") sued Helcar Corporation ("Helcar") and appellant Del Spina, its president and sole stockholder. The original complaint alleged that Helcar breached a contract calling for Helcar to construct an industrial plant for PEPI. The complaint, in a second count, further alleged that during the construction (1) Del Spina falsely "promised" that he

would hold money in trust for persons furnishing labor and materials for the facility, (2) Helcar and Del Spina falsely represented that the work would be completed upon dates certain and (3) Helcar and Del Spina falsely represented that certain money advanced to Helcar was being held in trust for persons furnishing labor and materials for the facility. No demand for a trial by jury was made in the complaint or the answer.

At the commencement of trial PEPI sought leave to amend its complaint to allege that Del Spina was personally liable for any damages arising from the breach of contract alleged in Count I. PEPI relied upon a certification of the New Jersey Department of State indicating that Helcar's corporate charter had been voided on January 25, 1966 for nonpayment of taxes. Leave to amend was granted and trial proceeded.

In its opinion following trial the court found that a contract had been entered into on February 24, 1966, that Helcar had breached this contract and that this breach had resulted in damages to PEPI of $53,450.26 in excess building costs and $13,372.28 in profits lost by its inability to take possession on the contract completion date. The court found Del Spina jointly and severally liable for these damages under "the general rule . . . that those who continue business operations and incur debts in the name of a forfeited corporation, after forfeiture and prior to revival, are individually liable for such debts."

The court then concluded:

"The court agrees with the statement in plaintiff's brief that

"the entire course of the transaction, from its inception to its termination, is permeated with Del Spina's fraudulent inducements, misrepresentations and false intentions.'

"The court finds, accordingly, that fraud by Mr. Del Spina contributed greatly to the damages suffered by plaintiff. Any damages recoverable on the basis of fraud in this case, however, are also recoverable on the claim for breach of contract, and have already been awarded by the court under that heading."

The final judgment states:

"It is ORDERED AND ADJUDGED that plaintiff, PEPI, Inc., recover from the defendants Helcar Corporation and Carl J. Del Spina, jointly and severally, on all counts of the Complaint, including the fraud complained of, the sum of $67,228.54, together with legal interest from the date of this Order and its costs of suit."

Del Spina alone presses this appeal from the final judgment.[1] He first asserts that the court's order permitting an amendment to the complaint on the eve of trial was reversible error (a) because it unfairly deprived Del Spina of a jury trial on the claim asserted therein and (b) because if he had been given sufficient notice of that claim he could have caused Helcar to be reinstated, retroactive to January 25, 1966, and thereby avoided personal liability. Second, Del Spina argues that there was insufficient evidence to support the court's findings of a breach of contract on the part of Helcar or of fraud on the part of Del Spina.

A decision of a trial judge to permit an amendment must stand unless an abuse of discretion is demonstrated. Albee Homes, Inc. v. Lutman, 406 F.2d 11 (3rd Cir. 1969); United States v. 47 Bottles, etc., 320 F.2d 564 (3rd Cir. 1963). We find no abuse of discretion here.

Del Spina cannot complain that the amendment deprived him of a right to a jury trial. His counsel did not request one until after the court had heard a full day's testimony. Nor can Del Spina claim prejudice because he was not given an opportunity to reinstate Helcar. He concedes that under New Jersey law

---

1. A notice of appeal was filed on behalf of Helcar, but it filed no briefs and tendered no oral agreement in this court.

that one who makes a contract in a corporate name after the charter of the corporation is forfeited becomes personally liable for the contract. He asserts, however, that reinstatement is retroactive and that such personal liability disappears upon reinstatement. Assuming this to be the law of New Jersey, we do not believe the sole stockholder and chief executive officer of a corporation which has ignored the clear mandate of New Jersey's franchise tax law for over three years can claim he was given no opportunity to comply with the law. Moreover, Del Spina had ample opportunity to pursue the remedy which he claims would provide a valid defense. The complaint was amended on March 3, 1969. The trial ended in July of that year. Assuming reinstatement after the filing of the claim and prior to trial would have absolved Del Spina, reinstatement during trial would have had the same effect. There is no evidence that Helcar was ever reinstated.

We have carefully reviewed the portions of the trial transcript to which the parties have referred us and find ample evidence to support the lower court's conclusion that there was a breach of contract resulting in the damages assessed. It follows that plaintiffs are entitled to a judgment against Helcar and Del Spina, jointly and severally, in the amount of $67,228.54.

The only remaining question is whether the judgment below can stand in the form entered. As entered, the judgment is grounded on fraud as well as breach of contract. It is apparent from the record below that counsel on both sides attributed substantial significance to this fact. We assume this was because the judgment may have a different effect in a bankruptcy context depending on whether it is based on fraud.[2]

The problem with this facet of the case is not that there is insufficient evidence in the record from which the court below might have found fraud on Del Spina's part in the particulars alleged. The problem arises from the fact that the court below, after an exhaustive analysis of the other phases of the case, did not, with respect to the fraud phase of the case, "find the facts specially and state separately its conclusions of law thereon," as required by Rule 52 of the Federal Rules of Civil Procedure. The opinion gives the impression that the court felt such findings would be superfluous in light of its prior findings. In particular, the finding that the unspecified "fraudulent inducements, misrepresentations and false intentions . . . *contributed greatly* to the damages suffered by plaintiff," suggests that the court did not affirmatively conclude that the fraud was responsible for all of the damages assessed.

In O'Neill v. United States, 411 F.2d 139 (3rd Cir. 1969) the lower court had concluded that the plaintiff had been contributorily negligent based upon a finding of fact that he had not used his electric drill "in a safe manner." On appeal, this court observed:

"Rule 52(a) requires that the trial court 'shall find the facts specially and state separately its conclusions of law thereon.' This requirement is not met by the statement of the ultimate fact without the subordinate factual foundations of it which also must be the subject of specific findings. . . . These findings may not be left unarticulated. If they actually were reached in the process of arriving at the ultimate factual conclusion, they must be stated. If they did not enter into the process by which the ultimate factual finding was made, then it was without any supporting foundation. In either case, therefore, it is necessary that the trial court specify these subordinate facts upon which the ultimate factual conclusion must rest.

. . . We cannot say what evidence the District Judge accepted as credible or what he rejected. In any event, it is not our function, on review, to erect

2. 11 U.S.C. § 35(a) (2).

for the first time, out of the evidence such subordinate factual findings as might support the ultimate findings which the District Judge made. . . . " 411 F.2d 146.

We find these observations equally appropriate here. The judgment will be vacated and on remand the District Court will either enter judgment without reference to the fraud claim or make findings of fact with respect thereto pursuant to rule 52 and enter an appropriate judgment based upon those findings.